**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **ALBERT ROBINSON,** | |
| *Plaintiff,* | |
| **v.** | |
| **JONATHAN CHASE MCNEESE; DAVID KEITH OAKS; DAVID KEITH OAKS, P.A.; TIFFANY HUGGINS; FLORIDA HIGHWAY SAFETY & MOTOR VEHICLES DEPARTMENT; and DOOLY COUNTY, GEORGIA,** | **CIVIL ACTION NO.** **5:20-cv-00160-TES** |
| *Defendants.* | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On October 1, 2020, the Court stayed consideration of Plaintiff's Partial Motion for Summary Judgment [Doc. 29] against Defendant Huggins. *See* [Doc. 34]. Plaintiff now moves the Court to reconsider its Order granting Defendant Huggins' Motion to Stay [Doc. 33]. In his Motion for Reconsideration [Doc. 36], Plaintiff argues that he was not afforded a hearing or opportunity to file a response prior to the entry of the aforementioned Order. In denying this Motion, the Court considered Plaintiff's objections to its ruling and found them meritless and unpersuasive.

As explained in more detail below, this Court routinely stays discovery when a defendant files a motion to dismiss. Because motions to dismiss, by their very

definition, test the sufficiency of a plaintiff's pleadings as drafted, discovery is not and cannot be allowed. Thus, it serves the interests of judicial efficiency and economy to immediately consider and rule on pending motions to dismiss that present purely legal questions prior to discovery.

In this action, Plaintiff has failed to serve four of the six named defendants. Both defendants that have appeared timely filed motions to dismiss for failure to state a claim. Again, such motions present purely legal questions that should be resolved before the parties bear the costly burdens associated with the discovery process. Therefore, the Court appropriately stayed discovery and consideration of any motions reliant on discovery (such as Plaintiff's Motions for Partial Summary Judgment) in order to resolve these preliminary matters. *See* [Doc. 13]; [Doc. 29]. For this reason, and for those discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 36].

<u>**DISCUSSION**</u>

A.      <u>**Procedural History**</u>

For context, the Court provides a brief overview of the filings relevant to its consideration of Plaintiff's Motion for Reconsideration.

Plaintiff initiated this lawsuit against Defendants McNeese and Dooly County, Georgia, on April 24, 2020. [Doc. 1]. Several months later, Plaintiff amended his Complaint to add four new defendants: David Keith Oaks; David Keith Oaks, P.A.;

Tiffany Huggins; and the Florida Highway Safety and Motor Vehicles Department. [Doc. 8]. Presently, only Defendants McNeese and Huggins have appeared in this action. They each filed a motion to dismiss for failure to state a claim,[1] which remain pending before the Court. [Doc. 12]; [Doc. 21]. In turn, Plaintiff filed a Motion for Partial Summary Judgment [Doc. 13] against Defendant McNeese on August 24, 2020. Subsequently, Defendant Huggins moved for a stay of discovery which the Court granted via text-only Order the same day. [Doc. 23]; [Doc. 24]. There, the Court explicitly stated that "[d]iscovery shall not commence in this case until the Court rules on all motions to dismiss." [Doc. 24]. Soon thereafter, Defendant McNeese moved to stay consideration of Plaintiff's partial summary judgment motion until the close of discovery. [Doc. 26]. The Court granted Defendant McNeese's motion to stay, once again noting an interest in ruling first on the pending motions to dismiss. [Doc. 27].

Then on September 22, 2020, Plaintiff filed another Motion for Partial Summary Judgment [Doc. 29], this time against Defendant Huggins. Within a week, Defendant Huggins moved the Court to stay consideration of Plaintiff's motion against her until the close of discovery. [Doc. 33]. Upon review of prior orders staying discovery pending

---

[1] In Huggins' Motion to Dismiss [Doc. 21], she  seeks dismissal of the pending claims against her on the grounds that (1) the Court lacks personal jurisdiction over her and (2) that Plaintiff failed to state a claim for conspiracy or unreasonable search and seizure against her. In contrast, Defendant McNeese, in his Motion to Dismiss [Doc. 12], only pointed to Plaintiff's failure to state a claim as grounds for dismissal.

resolution of the motions to dismiss, the Court likewise granted Defendant Huggins'
motion. [Doc. 34].

Following the entry of the most recent stay Order [Doc. 34.], Plaintiff filed a
Motion for Reconsideration. In it, he requests the Court "to reconsider and/or strike"
each motion staying consideration of his partial summary judgment motions because he
was not afforded an opportunity to be heard on the stay motions before the Court
granted them. [Doc. 36-1, pp. 1, 5].

**B.**     **Standard of Review**

Pursuant to Local Rule 7.6, "[m]otions for reconsideration shall not be filed as a
matter of routine practice." Accordingly, such motions are appropriate only if a party
demonstrates that "(1) there has been an intervening change in the law, (2) new
evidence has been discovered that was not previously available to the parties at the
time the original order was entered, or (3) reconsideration is necessary to correct a clear
error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL
2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-
78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). In this matter, Plaintiff appears to
rely on the third factor to support his Motion because he does not cite to any changes of
law or present new evidence. Rather, Plaintiff alleges the Court violated his due process
rights when it did not grant him any opportunity to respond to the motions to stay
before they were granted. [Doc. 36-1, pp. 1, 5]. As a result, Plaintiff alleges that "the

Court appears to be favoring the Defendants in this matter by clearing the path for a

dismissal of the Plaintiff's claims . . . and denying discovery." [*Id.* at p. 5].

**C.    Plaintiff's Motion for Reconsideration**

Upon review of Plaintiff's Motion for Reconsideration, Plaintiff takes issue with

the Court's order regarding procedural matters and the discovery process. In fact,

Plaintiff even goes so far as to argue that "[t]he Court has slammed the doors shut to

any meaningful discovery that would surely lead to an electronic connection between

[Defendants McNeese and Huggins]" and is "clearing the path for a dismissal of . . .

Plaintiff's claims . . . ." [Doc. 36-1, p. 5]. Serious accusations to be sure.

First, the Court stayed discovery and consideration of Plaintiff's post-discovery

motions in the interests of judicial efficiency and competent case management. It is

well-established that "[t]he Court has broad inherent power to stay discovery until

preliminary issues can be settled which may be dispositive of some important aspect of

the case." *Whitaker v. Bd. of Regents of Univ. Sys. of Ga.*, No. CV 118-141, 2019 WL

5569735, at *1 (S.D. Ga. Oct. 28, 2019) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652

(M.D. Fla. 1997)). As noted, there are preliminary matters in this action—two motions to

dismiss—that the Court must resolve prior to its consideration of substantive, highly-

fact intensive disputes, such as motions for partial summary judgment. As a general

principle, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a

motion to dismiss based on failure to state a claim for relief[] should . . . be resolved

before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017) ("And, in general, motions to dismiss for failure to state a claim 'should be resolved before discovery begins.'") (citation omitted).

And this makes sense because generally a court does not (and cannot) refer to facts or evidence beyond a plaintiff's complaint to rule on a motion to dismiss. "Such a [motion] always presents a purely legal question; there are no issues of fact because the allegations in the pleading are presumed to be true." *Chudasama*, 123 F.3d at 1367; *see Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273  n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). Because any facts in a plaintiff's complaint are accepted as true, neither party has a right to full-blown discovery, which is designed to ferret out the facts, prior to a court ruling on motions to dismiss.

Next, the Court correctly stayed discovery before ruling on pending motions to dismiss because their resolution may narrow the scope of discovery. *See Chudasama*, 123 F.3d at 1368–69 (discussing how a motion to stay discovery is appropriate where ruling on a motion to dismiss may narrow the scope of the parties' discovery requests). Although Plaintiff alleges that the Court's stay of discovery, and subsequently, its delay in considering his partial summary judgment motions effectively denied him the right

to any "meaningful discovery" to support his claims, he is misguided. [Doc. 36-1, p. 5]. Plaintiff cannot rely on discovery as the device which will enable him "to make a case [if] his complaint has failed to state a claim." *Chudasama*, 123 F.3d at 1367 (quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981)). In other words, because a plaintiff is the master of his complaint, he must draft it well enough to survive any preliminary motions.

Furthermore, if the Court ultimately grants the pending motions to dismiss, it would eliminate any need for discovery as to Defendants McNeese and Huggins, clearly narrowing the scope of any allowed discovery.[2] Conversely, Plaintiff suffers no harm upon a denial of the dismissal motions because his claims would simply continue forward, and the parties would then meet to jointly submit a Rule 16/26 discovery order for the Court's ultimate approval.

The Court acknowledges and agrees that discovery is "essential to the fairness of our system of litigation." *Chudasama*, 123 F.3d at 1367. Accordingly, the Court would never deprive the parties of the opportunity for discovery when the need for it arises. However, the Court also understands that discovery imposes significant costs and burdens on litigants and the judicial system itself.[3] Indeed, the Court's failure to rule on

---

[2] Additionally, if the Court dismisses the claims asserted against Defendants McNeese and Huggins, then Plaintiff's pending partial summary judgment motions would be moot.

[3] Upon review, the Court considers those burdens associated with discovery such as:
> the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping

motions to dismiss until after the start of discovery "encourages abusive discovery, and if [such claims are eventually] dismissed, imposes unnecessary costs" on both parties. *Id.* at 1368. Thus, the Court correctly stayed discovery in this case.

Lastly, the Court must address Plaintiff's allegation that he was denied a hearing and opportunity to respond to both Defendants' motions to stay prior to a ruling by the Court. [Doc. 36-1, pp. 1, 5]. Under Local Rule 7.7, the Court may immediately consider certain motions after filing when "the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for the filing of opposition thereto." Prior to the entry of its Orders [Doc. 27]; [Doc. 34] to stay consideration of Plaintiff's partial summary judgment motions, the Court had already issued an Order [Doc. 24] to stay discovery pending ruling on the motions to dismiss. Since September, Plaintiff has known of the Court's intention to first rule on the motions to dismiss, and he did not raise any objection until his present Motion for Reconsideration. *See* [Doc. 24 ("Discovery shall not commence in this case until the court rules on all motions to dismiss . . . .")]. Furthermore, since the Court stayed consideration of Plaintiff's Motion for Partial Summary Judgment against Defendant McNeese without objection from Plaintiff, the Court determined from the parties'

---

documents; and the attorney's fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

actions that a motion to stay consideration of Plaintiff's Motion for Partial Summary Judgment against Defendant Huggins would similarly be unopposed. Regardless, the Court, through this Order, has weighed Plaintiff's objections to each motion to stay in this action, and found them to be unpersuasive.

## <u>CONCLUSION</u>

To summarize, two Defendants have filed motions to dismiss, which are *pre*-discovery motions. Plaintiff has filed two motions seeking partial summary judgment, which are *post*-discovery motions. The motions to dismiss cannot rely on discovery and the motions for partial summary judgment almost certainly must rely on discovery. *See* Fed. R. Civ. P. 56(d). Therefore, the Court will rule on the pending motions to dismiss first. If claims against those Defendants survive, then the Court will issue a Rule 16/26 order which will set the boundaries for discovery. Thus, the Court reassures Plaintiff that should his claims against Defendants McNeese and Huggins survive their dismissal motions, the Court will hold wide the discovery door for him. But, if those claims fail to survive the pending motions to dismiss, there will simply be no need for discovery.[4]

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 36], and the Court's previous Orders [Doc. 27]; [Doc. 34] stand as filed.

---

[4] The Court takes this opportunity to remind Plaintiff of his responsibility to serve the remaining Defendants within the time constraints of Federal Rule of Civil Procedure 4(m).

**SO ORDERED**, this 13th day of October, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**