IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALBERT ROBINSON,<br><br>    *Plaintiff*,<br><br>v.<br><br>JONATHAN CHASE MCNEESE; DAVID KEITH OAKS; DAVID KEITH OAKS, P.A.; TIFFANY HUGGINS; FLORIDA HIGHWAY SAFETY & MOTOR VEHICLES DEPARTMENT; and DOOLY COUNTY, GEORGIA,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:20-cv-00160-TES |

**ORDER DENYING PLAINTIFF'S MOTIONS**

On November 9, 2020, the Court issued an Order [Doc. 42] dismissing formerly-named defendant Tiffany Huggins from this suit and dismissing all claims against Defendant McNeese except for Plaintiff's claim for false arrest. *See generally* [Doc. 42]. The Court clearly laid out its reasoning for its rulings in that Order and there is no need to repeat that analysis here. For the reasons discussed below, the Court stands by its Order and will not change or modify it. Since issuing that Order, the Court additionally dismissed four other named Defendants for lack of service pursuant to Federal Rule of Civil Procedure 4(m). *See generally* [Doc. 44]. So, once the procedural dust settles, this suit is now *only* against Defendant McNeese and *only* based upon an alleged false arrest

that occurred on June 25, 2019, in Dooly County, Georgia—nothing else. To be clear, the false arrest claim is the sole remaining claim in this suit, and it is the only claim that the Court has recognized or will consider.

Currently, Plaintiff has filed the following four additional motions:

- Motion for Declaratory Relief [Doc. 40];

- Motion for Final Summary Judgment [Doc. 46];

- Motion to Compel Compliance with Subpoenas for Production of Documents and Things [Doc. 48]; and

- Motion for Clarification, Reconsideration, and Rule 60 Relief [Doc. 54].

For purposes of this Order, the Court will address only three of Plaintiff's motions, as his Motion to Compel Compliance with Subpoenas for Production of Documents and Things [Doc. 48] is not yet ripe for consideration.

**A.     Plaintiff's Motion for Declaratory Relief**

In his Motion for Declaratory Relief, Plaintiff basically asks the Court to enter a judgment declaring that the Florida Highway Safety and Motor Vehicles Department improperly suspended his driver's license. *See generally* [Doc. 40-1]. And, to remedy this alleged impropriety, Plaintiff would have the Court "grant his motion to deem his valid [Texas driver's license] adequate enough to drive in Florida and [also declare] that [he] need not pay the $150.00 reinstatement fee to reinstate his expired [Florida identification card] and [Florida vehicle registration]." [Doc. 40-1, pp. 15–16]. However, this is not all. Plaintiff also argues that the "Court should exercise its inherent and

statutory authority to declare the proven fact that [ ] Plaintiff's Texas driver's license ("TDL") is valid to drive in the state of Florida, Dooly county (*sic*), Georgia and all of the rest of the United States and that the $150.00 reinstatement fee is unconstitutional." [*Id.* at p. 3].

Now, to be fair, Plaintiff filed this Motion four days before the Court dismissed formerly-named defendant Tiffany Huggins and nine days before the Court dismissed four additional defendants, one being the Florida Highway Safety and Motor Vehicles Department. Since Plaintiff has not withdrawn its Motion, the Court must assume that Plaintiff still seeks the Court to consider his request for declaratory relief. First, the Court need not delve into the guts of Plaintiff's Motion to resolve this matter. Simply put, the Florida Highway Safety and Motor Vehicles Department is no longer a party in this suit. And yet, in his Motion, Plaintiff seeks declaratory relief almost entirely against the Florida Highway Safety and Motor Vehicles Department. However, the Court does not have the authority to enter such relief against a now non-existent party.[1] As mentioned above, the only remaining defendant in this suit is Defendant McNeese, who obviously has no control over the Florida Highway Safety and Motor Vehicles

---

[1] Similarly, in a case where parties sought injunctive relief against non-parties, the Eleventh Circuit Court of Appeals has held that a district court is not authorized to grant such relief against non-parties because the district court lacks subject matter jurisdiction over such individuals. *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 843 (11th Cir. 1995); *see also Shaw v. Lewis*, No. 7:15-CV-162 (HL), 2016 WL 9651770, at *4 (M.D. Ga. June 29, 2016), *report and recommendation adopted*, 2016 WL 9665156 (M.D. Ga. July 15, 2016), *aff'd sub nom. Shaw v. Allen*, 701 F. App'x 891 (11th Cir. 2017).

Department, its internal practices or its compliance with Florida law or regulations.

Defendant McNeese is a Georgia resident who makes his living as a deputy sheriff.

Once again, the Court finds it necessary to reiterate that he is the sole remaining

defendant. The Court does not have jurisdiction over any other defendant in this suit,

whereby it could enter a judgment against him/her/it. And appropriately, there simply

is no basis for the Court to grant Plaintiff any relief against a non-existent defendant.

Accordingly, the Court **DENIES** Plaintiff's Motion for Declaratory Relief [Doc. 40].

    **B.**    **Plaintiff's Motion for Final Summary Judgment**

After the Court issued its Orders [Doc. 42]; [Doc. 44] that confined this suit to an

alleged false arrest claim against Defendant McNeese, Plaintiff filed a second summary

judgment motion. [Doc. 46].[2] As shown below, Plaintiff based his Motion for Final

Summary Judgment on a mistaken premise regarding the Court's reasoning as to why it

denied in part Defendant McNeese's Motion to Dismiss [Doc. 12].

In his summary judgment motion, Plaintiff mistakenly claims that "[t]he main

issue of this instant case has been settled by the Court in the 11/06/2020 order that JCM

[Defendant McNeese] is in violation of the law by arresting me for DWLS [Driving

---

[2] In its earlier Order [Doc. 42], the Court dismissed Plaintiff's first Motion for Summary Judgment [Doc. 13] because he failed to attach any admissible evidence; however, the Court informed Plaintiff that he could refile his summary judgment motion after discovery, provided that he complied with the applicable rules. [Doc. 42, p. 30. n.17].

4

While License Suspended] while JCM knew that I had a valid license." [Doc. 46-1, p. 2].[3] Similarly, he later argues that "[f]inal summary judgment on my claim of false arrest/false imprisonment is appropriate here because the Court has just determined that JCM violated the law . . . " and because the Court did not grant Defendant McNeese qualified immunity in his motion to dismiss. [*Id.* at p. 4]. And as one final point, Plaintiff claims that the "Court found that there is no genuine issue of controversy that JCM violated the law by joining the [Florida Highway Safety and Motor Vehicles Department] fraud scheme and falsely arresting me and imprisoning me in the back of his vehicle based on false FLHSMV evidence." [*Id.*].

Plaintiff could not be more wrong.

As the Court explained often in its earlier Order, when considering a motion to dismiss, the Court must accept the well-pleaded facts of the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 446 (2007); *see* [Doc. 42]. The Court did just that —it accepted Plaintiff's version of the facts and when it did so, the law required the Court to deny in part Defendant McNeese's motion to dismiss. [Doc. 42, p. 25]. What the Court did not do is establish any fact at all. The Court does not and cannot establish a fact as proven from an amended complaint. Again, the Court merely *assumed* the facts in

---

[3] Plaintiff cites to the Order that the Court issued on November 6, 2020; however, that Order required Plaintiff to show cause why certain Defendants should not be dismissed for lack of service. *See generally* [Doc. 41]. The citation is clearly a scrivener's error and the Court assumes Plaintiff intended to cite to the Order issued on November 9, 2020, which would be the 42nd document filed in this suit.

Plaintiff's Amended Complaint to be true; Plaintiff has the responsibility to prove the facts through admissible evidence. Likewise, Plaintiff mistakenly believes that the Court determined that there is no "genuine issue of controversy" that Defendant McNeese joined a fraud scheme. [Doc. 46-1, p. 4]. Again, Plaintiff is wrong. The Court established no such thing. In fact, the Court explicitly ruled that Plaintiff had not sufficiently alleged any conspiracy at all**.** [Doc. 42, p. 8 n.4].

Plaintiff has clearly misinterpreted the Court's Order as one ruling on the merits and deciding in his favor. Again, the Court assumed the facts in Plaintiff's Amended Complaint to be true and allowed only a single claim against a single defendant to proceed. The Court certainly did not decide in favor of Plaintiff. In fact, the Court said as much in its Order: "While Plaintiff may not ultimately win on this claim, he will have the opportunity to make his case as to this claim in further proceedings." [*Id.* at p. 30]. And the Court also reiterated that it would allow the parties 60 days to conduct discovery limited to the sole question of whether qualified immunity applied to Defendant McNeese. [*Id.*]. The Court quite clearly reserved the question of qualified immunity until after the discovery period closed. At no point thus far did the Court definitively rule that qualified immunity did not apply.

Accordingly, as Plaintiff based his Motion for Final Summary Judgment on the mistaken premise that the Court had already decided substantive questions of law and

6

fact in his favor, it is **DENIED**.[4]

### C. Plaintiff's Motion for Clarification, Reconsideration, and Rule 60 Relief

In this last Motion, Plaintiff seeks the Court to, among other things, clarify exactly which laws Defendant McNeese broke. [Doc. 54-1, p. 4]. However, as explained above, the Court never definitively ruled that Defendant McNeese broke any law. Rather, for purposes of ruling on a motion to dismiss, the Court merely assumed the facts in Plaintiff's Amended Complaint to be true. And, if those facts were assumed to be true, then Plaintiff's Amended Complaint would sufficiently show that Defendant McNeese violated the Fourth Amendment. However, to say it again, the Court has not ruled that Defendant McNeese violated any law by allowing Plaintiff the opportunity to present evidence and attempt to prove his proffered false arrest claim. Thus, to the extent that Plaintiff seeks clarification as to the question of which law(s) Defendant McNeese has broken, the answer at this point is none.

The Court now turns to that portion of Plaintiff's Motion where he asks the Court to reconsider its decision to dismiss formerly-named defendant Tiffany Huggins from this suit.

---

[4] Plaintiff also based his Motion for Final Summary Judgment on an alleged violation of the rule embodied in *Brady v. Maryland*, 373 U.S. 83 (1963). *See* [Doc. 46-1, pp. 5–6]. However, to the extent that Plaintiff relies on this rule in support of his Motion, his reliance is misplaced. Based upon controlling precedent, *Brady* only applies in criminal cases. *See U.S. v. Meros*, 866 F.2d 1304, 1309 (11th Cir. 1989) ("*Brady*, then, applies only to information possessed by the *prosecutor* or anyone over whom he has authority.") (emphasis added); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1354 (11th Cir. 2004) ("Of course, *Brady* . . . appl[ies] only to evidence possessed by the *prosecution* team, which includes both investigative and prosecutorial personnel.") (citation omitted) (emphasis added).

Pursuant to Local Rule 7.6, "[m]otions for reconsideration shall not be filed as a matter of routine practice." Accordingly, such motions are appropriate only if a party demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). In this matter, Plaintiff appears to rely on the third factor to support his Motion because he does not cite to any changes of law or present new evidence.

As a preliminary matter, Local Rule 7.6 also states that "motions for reconsideration shall be filed within fourteen (14) days after entry of the order." The Court entered its Order on November 9, 2020. [Doc. 42]. Plaintiff filed his Motion seeking reconsideration of several rulings embodied within that Order on December 2, 2020. [Doc. 54]. More than 14 days passed from the date of entry and the date Plaintiff filed his Motion. Therefore, Plaintiff's Motion for Reconsideration is denied as untimely. However, since Plaintiff's arguments supporting his Motion for Reconsideration are largely the same as those he relies upon when seeking relief under Rule 60, the Court nonetheless considers them here.

First, Plaintiff asks the Court to reconsider its decision to dismiss his claims against Defendant McNeese related to the traffic stop itself. [Doc. 54-1, p. 5]. Plaintiff cites to O.C.G.A § 51-7-3, arguing that lack of probable cause is a jury question under Georgia law. [*Id.*]. The issue in Plaintiff's argument is that the Code section he cites applies to claims brought under *Georgia law*, and Plaintiff has brought his claims under § 1983— *federal law*. So, the Code section that he relies on for why his claim should not have been dismissed, simply doesn't apply. As a result, the Court denies Plaintiff's Motion for Reconsideration as to that point.

Next, Plaintiff asks the Court to reconsider its decision to dismiss formerly-named defendant Tiffany Huggins from the case. [*Id.* at pp. 5–6]. As the Court explained in its Order, the Court lacked personal jurisdiction over that individual. [Doc. 42, pp. 15–20]. However, at this point in the proceedings, Plaintiff now claims that the Court really had personal jurisdiction over her all along under 18 U.S.C § 3237 or 18 U.S.C. § 1343—criminal wire fraud statutes. [Doc. 54-1, p. 5]. In support of his argument, Plaintiff cites to criminal cases that stand for the proposition that venue is proper in any district where the offenses were begun, continued or completed. [*Id.*]. However, these are criminal statutes for which there is no private cause of action. *See Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (holding that 18 U.S.C. § 1343 (the Wire Fraud Act) does not create a federal cause of

9

action for damages against defendants alleged to have violated its provisions)[5]; *see also Jenkins v. McCalla Raymer, LLC*, NO. 1:10-CV-03732-CAP-AJB, 2011 WL 13185750, at *12 (N.D. Ga. Jul. 25, 2011); *Am. Gen. Life and Accident Ins. Co. v. Ward*, 509 F. Supp. 2d 1324, 1335 (N.D. Ga. 2007). Moreover, Plaintiff's purported reliance on 18 U.S.C. § 1965(b) is also misplaced. This Code section deals with cases arising under the Racketeer Influenced and Corrupt Organizations ("RICO") Act[6], not civil cases under § 1983.

In sum, Plaintiff has failed to show that the Court made any error in dismissing the formerly-named defendant Tiffany Huggins from this suit. Accordingly, the Court **DENIES** that portion of this Motion asking for reconsideration.

Finally, Plaintiff asks for relief pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6). These are easily dispensed with.

Federal Rule of Civil Procedure 60(b)(1) provides that courts may provide relief from an order for reasons of "mistake, inadvertence, surprise or excusable neglect."

---

[5] Because the Eleventh Circuit was previously a part of the Fifth Circuit, cases decided by the Fifth Circuit prior to October 1, 1981, are precedential to this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[6] The Court does not consider the relevance of the Racketeer Influenced and Corrupt Organizations ("RICO") Act in this action. For one, this was not a cognizable claim against the formally-named defendant Tiffany Huggins stated in Plaintiff's Amended Complaint. *See generally* [Doc. 8]. Rather, Plaintiff merely throws in a reference to the Act in Count V of his Amended Complaint, stating that he "reserves the right to amend this instant complaint to add any and all claims for damages to Plaintiff's business pursuant to the Racketeering (*sic*) Influenced Corrupt Organizations Act ("RICO Act") based on the Hobbs Act . . ." [*Id.* at p. 19]. First, as a procedural matter, Plaintiff cannot reserve the right to amend an amended complaint without leave of court. Second, Plaintiff includes mention of the RICO Act under Count V, which he *only* brings against Defendants Dooly County and McNeese, not Tiffany Huggins. [*Id.* at pp. 18–19]. Therefore, the Court cannot accept Plaintiff's attempts to confer jurisdiction on a dismissed defendant under this Code section.

Plaintiff effectively argues that the Court made a "mistake" when it ruled against him by (1) not allowing a jury to decide if Defendant McNeese had probable cause to stop him or not; (2) dismissing Defendant Huggins from the case; and (3) dismissing claims against Defendant McNeese in his official capacity. [Doc. 54-1, pp. 7–8]. And, Plaintiff asks that the Court grant him relief on these three grounds based on the catch-all provision of Federal Rule of Civil Procedure 60(b)(6) that allows courts to provide relief from an adverse ruling "for any other reason that justifies relief."

As stated earlier, Plaintiff's Rule 60 requests do nothing more than rehash his arguments made earlier in his Motion. The Court has already decided that it did not make any legal errors and will not change its rulings. For the reasons explained above, Plaintiff's requests for relief under Federal Rule of Civil Procedure 60 are likewise **DENIED.**[7]

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Declaratory Relief [Doc. 40], his Motion for Final Summary Judgment [Doc. 46], and his Motion for Clarification, Reconsideration, and Rule 60 Relief [Doc. 54].

**SO ORDERED**, this 7th day of December, 2020.

---

[7] To the extent that Plaintiff takes issue with the Court's dismissal of all claims against Defendant McNeese in his official capacity as a deputy sheriff, the Court previously explained that all such claims are effectively claims against the State and barred by the Eleventh Amendment. *See* [Doc. 42, p. 9 n.5]. Plaintiff has offered nothing to convince the Court it erred in its decision. That claim for reconsideration and/or relief is likewise denied.

11

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**