IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALBERT ROBINSON,<br><br>*Plaintiff*,<br><br>v.<br><br>JONATHAN CHASE MCNEESE,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:20-cv-00160-TES |

ORDER DENYING PLAINTIFF'S OBJECTION AND
RULE 60 MOTION FOR RELIEF

Before the Court is Plaintiff's Objection and Rule 60 Motion for Relief [Doc. 91][1], whereby Plaintiff challenges the Court's Order [Doc. 86] granting Defendant's Motion for Summary Judgment [Doc. 71], denying Plaintiff's Motion for Partial Summary Judgment [Doc. 62], and denying Plaintiff's Motion to Disqualify Counsel and Strike Pleadings [Doc. 76]. In that Order, the Court ruled that Defendant McNeese was entitled to qualified immunity on the last remaining claim in Plaintiff's case—an alleged false arrest. For the reasons discussed below, the Court **DENIES** Plaintiff's Objection and Rule 60 Motion for Relief [Doc. 91].

---

[1] In his Motion, Plaintiff alleges that the Court's career law clerk actually drafted the Court's Order based on Plaintiff's belief/analysis of document metadata showing him to be the author. [Doc. 91, p. 1; Doc. 91-1, p. 6]. But, Plaintiff is wrong. The career law clerk created a document template that the Court and its chambers routinely use to ensure case styles are consistent throughout its orders.

## DISCUSSION

### A. Motion for Reconsideration Standard of Review

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Therefore, "[i]n the interests of judicial efficiency and finality of decisions, 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used "as an opportunity to show the court 'how it could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres.*

*Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

**B.     Analysis**

In this matter, Plaintiff appears to rely on the third factor to support his Motion because he neither cites to any changes of law nor presents new evidence. Rather, as the basis for his Motion, Plaintiff simply lists 16 issues that he claims the Court "disregarded" when issuing its Order. [Doc. 91-1, pp. 3–10]. Based upon such language, the Court can only construe Plaintiff's argument to be that the Court made a "mistake" when it ruled against him and granted summary judgment to Defendant McNeese. However, such arguments simply do not meet the standard required to grant a motion for reconsideration. In fact, Plaintiff does little more than rehash arguments that the Court has repeatedly rejected. As noted above, motions for reconsideration never succeed when they do nothing more than relitigate old matters or reargue settled issues. *See Smith*, 488 F. App'x at 428. That is all that Plaintiff does here.

However, Plaintiff does present one new "argument." He accuses the Court of setting a "'Jim Crow' trap" for him when it applied its Local Rules to him, just as it would apply such Rules against any other litigant, *pro se* or represented by counsel. [Doc. 91-1, p. 8]. Plaintiff's argument is not only baseless and offensive, it is patently frivolous and is worthy of nothing more than summary denial.

In sum, Plaintiff has failed to show that the Court made any error. Accordingly, the Court **DENIES** that portion of this Motion asking for reconsideration.

Finally, Plaintiff seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60. These are easily dispensed with.

Federal Rule of Civil Procedure 60(b)(1) provides that courts may provide relief from an order for reasons of "mistake, inadvertence, surprise or excusable neglect." Since Plaintiff fails to identify which of the six subparts of Federal Rule of Civil Procedure 60 that he relies upon when seeking relief from judgment, the Court is left to guess. Based upon his argument, it appears that Plaintiff effectively seeks relief by arguing that the Court made a "mistake" when it ruled against him. Then again, perhaps Plaintiff seeks relief based on the catch-all provision of Federal Rule of Civil Procedure 60(b)(6) that allows courts to provide relief from an adverse ruling "for any other reason that justifies relief."

However, as discussed above, Plaintiff's Rule 60 requests do nothing more than rehash his arguments made earlier in the Motion. The Court has already decided that it did not make any legal errors and will not change its rulings. For the reasons explained above, Plaintiff's requests for relief under Federal Rule of Civil Procedure 60 are likewise **DENIED.**

**SO ORDERED**, this 8th day of March, 2021.

[*signature to follow on next page*]

4

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**